WILL HUGGINS v. STATE.

No. 3167.   Opinion Filed April 20, 1918.

(171 Pac. 1126.)

APPEAL AND ERROR—Abatement—Death of Party. In a criminal prosecution, the purpose of the proceeding being to punish the accused, the action must necessarily abate upon his death, and where it is made to appear that plaintiff in error has died, pending the determination of his appeal, the cause will be abated.

*Appeal from County Court, Wagoner County;*
*J. C. Pinson, Judge.*

Will Huggins was convicted of a violation of the prohibitory law, and he appeals. Judgment abated because of the death of the plaintiff in error.

*Watts & Summers,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *C. A. Summers,* Co. Atty., for the State.

DOYLE, P. J. The plaintiff in error, Will Huggins, was convicted in the county court of Wagoner county of a violation of the prohibitory law, and his punishment fixed at a fine of $250, and confinement for 60 days in the county jail. From the judgment rendered on the verdict of the jury an appeal was perfected by filing in this court on October 11, 1917, a petition in error, with case-made.

Since the appeal was taken, and before the final submission of the cause, to wit, on April 15th, his counsel of record have filed a motion to abate the proceedings on the ground that the plaintiff in error, Will Huggins, has died; also an affidavit showing that the same was duly served on the Attorney General and county attorney of Wagoner county. In a criminal action the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered and adjudged that the proceeding in the above-entitled cause, and especially under the judgment therein rendered, has abated, and that the county court of Wagoner county enter its appropriate order to that effect.

ARMSTRONG and MATSON, JJ., concur.